UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 4/11/13

SHELLY KAYE, DESIREE ST. JOHN
and GEORGE C. KAYE,

                Plaintiffs,

**MEMORANDUM-DECISION AND ORDER**

11 Civ. 3369 (VLB)(GAY)

    -against-

THE STORM KING SCHOOL and HELEN
STEVENS CHINITZ,

                Defendants.

------------------------------------------------------------------x

    Plaintiffs have moved to file a second amended complaint that will name the Board of Trustees of defendant The Storm King School (the "School"), as individual defendants in this case. Plaintiffs argue that they first learned from the defendants on November 29, 2012 that the School was not a corporation, but was a not-for-profit unincorporated association. Under New York law, an action against an unincorporated association may be maintained against certain board members. N.Y. Gen. Assoc. Law, Art. 3, § 13. Defendants oppose the motion contending that plaintiffs unreasonably delayed in seeking the amendment; allege prejudice if the board members were added as defendants; argue that proposed amendment would be futile; and assert that the proposed amendment would be untimely.

    The propriety of a proposed amendment that adds new parties is governed by Fed.R.Civ.P. 21. Rule 21 provides that a party may be added to an action "at any time, on just terms." Motions under Rule 21 are governed by the same standard as a motion

to amend under Rule 15. Johnson v. Bryson, 851 F.Supp.2d 688, 703 (S.D.N.Y. 2012). Courts apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15." Soler v. G & U, Inc., 86 F.R.D. 524, 528 (S.D.N.Y. 1980). As such, joinder of new parties will be allowed absent undue delay, prejudice, or futility. Williams v. Citigroup, Inc., 659 F.3d 208, 213 (2d Cir. 2005).

Upon a complete review of the circumstances herein, the Court concludes that plaintiffs have demonstrated good cause for the delay in bringing the motion. As set forth above, the motion was made shortly after they were advised that the School was an unincorporated association. Moreover, plaintiffs point out that the School has filed IRS 501(c)(3) public tax documents that list the School as a corporation, not an association. Plaintiffs' reliance on said public filing would be understandable. Also, the Chair of the Board of Directors answered plaintiffs interrogatories on behalf of the School, without objection. Plaintiffs have shown that the Board of Trustees of the School was made aware of the concerns giving rise to this litigation (Exhibit D to the complaint and amended complaint).

Although a reasonable extension of discovery is justified given the addition of the new parties, prejudice that would warrant denial of the motion has not been demonstrated. Defendants have also not shown that the amendment would be futile; or untimely at this point given the relation back doctrine. Fed.R.Civ.P. 15(c). Any dispositive motion in that regard should await the completion of discovery.

## Conclusion

The motion to file a second amended complaint is granted. Counsel are directed to confer and submit to the Court within 15 days a proposed schedule to complete all

discovery in this case given the anticipated addition of the new parties. The Court notes that a telephone conference has been previously scheduled for May 8, 2013 at 9:00 a.m.

SO ORDERED:

Dated: April 11, 2013
White Plains, New York

_____
GEORGE A. YANTHIS, U.S.M.J.